**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-809

**JIMMY SABRY**

Plaintiff,

v.

**SECURA INSURANCE COMPANY a/k/a
SECURA INSURANCE** and **SECURA SUPREME
INSURANCE COMPANY**

Defendants.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Secura Insurance Company a/k/a Secura Insurance and Secura Supreme Insurance Company, a Wisconsin corporation ("Secura")[1] by and through its undersigned counsel, Messner Reeves LLP, files this Notice of Removal to remove the above captioned action from the District Court of El Paso County, Colorado to the United States District Court for the District of Colorado.

In support of this Notice of Removal, Defendant states follows:

## I.   **INTRODUCTION**

Plaintiff's counsel filed suit against Secura on March 8, 2018 (**Exhibit D**). Plaintiff attempted service on Secura on March 9, 2018, with the registered agent for "Secura Insurance Company," an unaffiliated Colorado entity with no ties to Secura (**Exhibit E**). Plaintiff filed his Amended Complaint for UIM benefits against Secura on March 16, 2018, in El Paso County

---

[1] Plaintiff has misnamed Secura. The entity issuing Plaintiff's insurance is Secura Supreme Insurance Company, the only correct Defendant.

District Court ("State Court Action") (**Exhibit F**).  Secura now removes this action to the United States District Court for the District of Colorado.

## II.     AUTHORITY FOR REMOVAL AND JURISDICTION OF THIS COURT

This is an action in which the district courts of the United States have diversity jurisdiction under the provisions of 28 U.S.C. §1331 because diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the District Court of Colorado because the State Court Action is currently pending in the District Court of El Paso County, Colorado, and this Court is therefore the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), Secura has contemporaneously filed with the Clerk of the District Court of El Paso County, Colorado, and served on Plaintiff, a true and correct copy of this Notice of Removal.

## III.     BASIS FOR REMOVAL

First, the amount in controversy is satisfied because Plaintiff seeks in excess of $75,000 in in damages.  Plaintiff submitted a correspondence to Secura indicating damages for loss of business, economic loss and lost wages at $50,000 to $80,000; damages for permanent impairment at $50,000; and damages for pain and suffering at $75,000.  Plaintiff also indicated the medical bills are approximately $48,274.28 and evaluated the case as having a gross value of $250,000. (**Exhibit A**, Combined correspondence; March 15, 2018 correspondence; January 25, 2018

correspondence ). "Documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail v*, 529 F.3d at 956.

Additionally, Plaintiff's counsel indicated that this case was valued in excess of $100,000.00 on the Civil Case Cover Sheet used to initiate the State Court Action. (**Exhibit C**). *See Paros Properties LLC v. Colorado Casualty Ins. Co*., 835 F.3d 1264, 1272 (10th Cir. 2016) (holding that civil cover sheet is an "other paper" under § 1446(b)(3)).

Second, complete diversity of citizenship exists between the parties. It is undisputed that Plaintiff is a citizen of the State of Colorado. (**Exhibit F**, ¶ 1) and Defendant is a Wisconsin corporation (**Exhibit B**, Secura's registration with Colorado's DORA, insurance division).

### IV.   THIS NOTICE IS TIMELY FILED

Plaintiff's initial pleading was never served on Secura, and his Amended Complaint was served on two Secura entities (*see* n.1) through the State of Colorado Division of Regulatory Agencies, Division of Insurance on March 16, 2018 (**Exhibit F**). Accordingly, Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. §1446 as it is filed within thirty days of service of the Summons and Complaint.

### V.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN ESTABLISHED

All pleadings and the register of action from the state court action have been attached to this Notice of Removal as required by 28 U.S.C. § 1446. (*See* **Exs. C-H**). A copy of the docket sheet is attached hereto as **Exhibit I**.

In accordance with 28 U.S.C. § 1446(d), a Notice of Filing the Notice of Removal is being filed with the Clerk of the El Paso County District Court, and copies of the Notice of Filing of the Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's

counsel. If any questions arise as to the propriety of the removal action, Defendant respectfully requests the opportunity to present brief oral argument in support of their position that this case is removable.

WHEREFORE, Defendant respectfully removes this action from the El Paso County District Court of Colorado to the United States District Court for the District of Colorado based upon the fact that amount in controversy and diversity of parties are both satisfied pursuant to 28 U.S.C. § 1332.

Respectfully submitted this 6th day of April, 2018.

                                        Respectfully submitted,

                                        MESSNER REEVES LLP

*/s/ Adam M. Royval*
CALEB MEYER, #34292
ADAM M. ROYVAL, #43836
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone:  (303) 623-1800
E-mail: cmeyer@messner.com
       aroyval@messner.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2018, I electronically filed and served the foregoing **NOTICE OF REMOVAL w**ith the Clerk of the Court using the CM/ECF System and additionally emailed to:

Justin R. Melat, P.C., #1120
MELAT, PRESSMAN & HIGBIE, LLP
405 South Cascade Avenue, Suite 304
Colorado Springs, CO 80903

*/s/Tracey L. Zastrow*