| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO<br>El Paso County Judicial Building<br>270 South Tejon Street<br>Colorado Springs, CO 80903 | DATE FILED: March 8, 2018 3:03 PM<br>FILING ID: 672292FB125D5<br>CASE NUMBER: 2018CV30630 |
| Plaintiff: JIMMY SABRY<br><br>vs.<br><br>Defendant: SECURA INSURANCE COMPANY | ▲COURT USE ONLY▲<br><br>CASE NUMBER:<br><br>DIVISION: |
| Attorney for Plaintiff:<br>Justin R. Melat, P.C., #1120<br>MELAT LAW<br>405 South Cascade Avenue, Suite 304<br>Colorado Springs, CO 80903<br>Phone: (719) 475-0304<br>Fax: (719) 475-0242 | |
| **COMPLAINT FOR UIM BENEFITS** | |

COMES NOW the Plaintiff, Jimmy Sabry, by and through his attorneys, the Law Firm of MELAT LAW, and for cause to complain against the Defendant named, Secura Insurance Company, would state and allege as follows:

1. Your Plaintiff is a natural person residing and domiciled in the State of Colorado and all of the transactions occurred within the State of Colorado and are therefore subject to that state's jurisdiction;

2. At all times pertinent hereto the defendant, Secura Insurance Company (hereinafter referred to as "Secura"), is an insurance company national in scope and licensed to conduct business in Colorado and doing business in Colorado;

3. On November 8, 2014, Secura was the insurer of a motor vehicle owned and driven by its first party insured, Jimmy Sabry, where and at which time a certain tortfeasor, one Casey Lee Thompson, did so carelessly and negligently operate a motor vehicle so as to cause it

1



    to collide with great force and violence against Mr. Sabry's vehicle being then and there the direct and proximate cause of serious, permanent and disabling injuries to your Plaintiff; Mr. Sabry was, at that time and place, a first party insured of Secura and entitled to under-insured motorist coverage under Secura's policy number PX2708658; the tortfeasor, Mr. Casey L. Thompson, was under insured for the injuries and damages he caused thus invoking the Secura policy coverage;

4. The defendant Secura has adjusted this claim under its claim number P0195460 and has failed and refused upon demand made to fully compensate its first party insured for the damage and losses suffered in the previously referenced collision;

5. The liability claim against the tortfeasor was settled on April 13, 2017, Plaintiff having obtained permission to settle prior to that date;

6. For purposes of coverage in under insured motorist cases in the State of Colorado, the defendant under insured motorist carrier owes to its first party insured all damages not previously compensated which the tortfeasor would have owed, in other words, Secura "stands in the shoes of the tortfeasor" as part of its duty to its first party insured;

7. The defendant, Secura, has failed and refused upon reasonable demand to provide an analysis or evaluation of its refusal to pay its first party insured, what they believe is owed;

8. As a direct and proximate result of the tortfeasor's negligence (damages now owed by Defendant Secura) your Plaintiff suffered injuries and incurred medical expenses which continue and may be permanent;

9. As a direct and proximate result of the tortfeasor's negligence, your Plaintiff has suffered economic losses which are continuing and believed to be permanent;

10.     As a direct and proximate result of the tortfeasor's negligence, your Plaintiff has suffered non-economic losses, including impairments, disabilities, surgery, and loss of enjoyment of life;

### AD DAMNUM CLAUSE

WHEREFORE the Plaintiff prays for relief against Defendant Secura as follows:

A.      For an amount which will reasonably compensate the Plaintiff for medical expenses and billings, past and future;

B.      For an amount which will reasonably compensate the Plaintiff for economic losses, past and future;

C.      For an amount which will reasonably compensate the Plaintiff for non-economic damages, past and future;

D.      For an amount which will reasonably compensate the Plaintiff for disabilities and impairments and a partial loss of enjoyment of life;

And for interest calculated from the date of the settlement as allowed by statute or Common Law or, in the alternative, for moratory interest;

And for costs and fees incurred in prosecuting this action;

And for such other and further relief as to the Court may seem just and meet in the premises.

Respectfully submitted this ___ day of March, 2018

                                            MELAT, PRESSMAN & HIGBIE, LLP

                                            */s/ Justin R. Melat, P.C.*

                                            Justin R. Melat, P.C., #1120
                                            Attorney for the Plaintiff

Plaintiff's Address:
118 E. Cheyenne Road
Colorado Springs, CO 80906

4