IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-00809-RM-KMT

JIMMY SABRY,

Plaintiff,

v.

SECURA INSURANCE COMPANY a/k/a
SECURA INSURANCE and SECURA SUPREME
INSURANCE COMPANY,

Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion for Summary Judgment (the "Motion") (ECF No. 35) and Defendants' Motion to Deem Motion for Summary Judgment Confessed by Plaintiff (ECF No. 37). Plaintiff filed no response to either motion and the time to do so has passed. The motions are ripe for resolution.

I.     LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569–70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000);

*Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted).

"[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). "Because a failure to respond means the facts are considered undisputed, the court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment." *Wilson v. Vill. of Los Lunas*, 572 F. App'x 635, 640 (10th Cir. 2014) (quotations and citation omitted). If the evidence produced in support of the summary judgment motion fails to meet this burden, "'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'" *Reed*, 312 F.3d at 1194 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) (emphasis in original)).

II.     **ANALYSIS**

This is an action by Plaintiff against its insurer, Defendants,[1] for underinsured motorist coverage ("UIM") under Policy Number PX2708658 (the "Policy"). Plaintiff alleges that he was injured by alleged tortfeasor Casey Thompson, a non-party in this case, in a car accident. After

---

[1] Based on the record, it appears the insurer is Defendant Secura Supreme Insurance Company. (ECF No. 36-4.)

Plaintiff settled his negligence action (the "underlying case") against Mr. Thompson[2] and his father with no finding or admission of liability, he filed this action for breach of the insurance contract based on Defendants' alleged failure to fully compensate him under the Policy.

"An insurance policy is a contract, which should be interpreted consistently with the well-settled principles of contractual interpretation." *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002). Under Colorado law, to recover on a claim for breach of contract, a party must prove: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The "Insuring Agreement" to the Policy provides that the insurer "will pay compensatory damages which an insured [Plaintiff] is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of *bodily injury*: 1. Sustained by an *insured*; and 2. Caused by an accident." (ECF No. 36-4, p. 20 (emphasis in original).[3]) Under the Policy, an uninsured motor vehicle includes an underinsured motor vehicle. (ECF No. 36-4, p. 21 at C.2.) Defendants' Motion seeks summary judgment on the basis that Plaintiff cannot establish the alleged tortfeasor was liable for Plaintiff's injuries and, therefore, that Defendants breached the Policy by failing to pay Plaintiff UIM benefits. The Court agrees.

Under Colorado law, to prevail on his negligence claim against Mr. Thompson in the underlying case, Plaintiff must prove "'the existence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, injury to the plaintiff, and a causal relationship between the breach and the injury.'" *Mathison v. United States*, 619 F. App'x 691, 693 (10th Cir. 2015)

---

[2] Defendants refer to Casey Thompson as "Ms. Thompson" but the complaint alleges it is Mr. Thompson. (ECF No. 36-1, ¶ 3.)
[3] The page numbers referenced are to the page numbers assigned to the document by the court's CM/ECF system, found in the upper right-hand corner of the document.

(quoting *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 929 (Colo. 1997)). Here, Plaintiff has endorsed no accident reconstructionist or person to opine as to the liability of Mr. Thompson for the alleged accident and has provided no argument that expert testimony is not required. Accordingly, Defendants have shown that Plaintiff cannot establish that an underinsured motorist (Mr. Thompson) is liable to him for his alleged injuries, i.e., that Plaintiff is "legally entitled to recover" from Mr. Thompson under the Policy.

Similarly, Defendants have also shown that Plaintiff cannot establish any injuries allegedly sustained were "caused by an accident" as required under the Policy. "'While the issue of causation is ordinarily a question for the jury, when the facts are undisputed and reasonable minds could draw but one inference from them, causation becomes a question of law for the court.'" *Mathison*, 619 F. App'x at 693 (quoting *Gibbons v. Ludlow*, 304 P.3d 239, 244 (Colo. 2013)). Plaintiff alleges numerous injuries which he contends are continuing and may be permanent. Defendants' expert, however, opines that Plaintiff's complained of conditions are most likely the result of natural aging and a chronic degenerative condition, and cannot be attributed to the accident. Plaintiff fails to challenge these opinions, provide rebuttal evidence, or present any argument that no expert testimony is needed to establish causation of his alleged injuries. Accordingly, Plaintiff cannot establish causation required under the Policy.

Absent proof that Plaintiff "is legally entitled to recover" from Mr. Thompson for "bodily injury" Plaintiff allegedly sustained that was "[c]aused by an accident," Defendants have no contractual obligation to make UIM payments to Plaintiff. Therefore, Defendants are not liable for any alleged breach of contract. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Defendants' Motion for Summary Judgment (ECF No. 35) is GRANTED;

(2) That Defendants' Motion to Deem Motion for Summary Judgment Confessed by Plaintiff (ECF No. 37) is DENIED as moot;

(3) That the Clerk shall enter JUDGMENT in favor of Defendants and against Plaintiff; and

(4) That the Clerk shall close this case.

DATED this 17th day of September, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge